

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. M. E. Gates
County Attorney
Walker County
Huntsville, Texas

Dear Mr. Gates:

Opinion No. 0-7438

Re: Construction of H. B. No. 84,
49th Legislature - County Com-
missioners salary and expense
items.

We have received your letter of recent date requesting an opinion from this department on the above subject matter. Your letter reads as follows:

"I would like to have an opinion construing H. B. No. 84, with reference to whether or not it repealed Article 2350, and if the County Commissioners Court is authorized to pay any ex-officio salaries in counties having a valuation not less than 3,500,001 and less than 6,000,000, are authorized to pay themselves traveling expenses for services rendered in the county.

"Section 1a of said H. B. No. 84 provides: 'The Commissioners Court in each county is hereby authorized to pay the actual traveling expenses incurred while traveling outside of the county on official county busi- ness never to exceed $300.00 in any one year for each said official.'

"Section 4 provides: 'That all general laws, or parts of general laws, in conflict with foregoing acts, be, and the same are hereby expressly repealed.'

"You will note that the only provision for travel- ing expenses is the expenses incurred while traveling out- side of the county, and Article 350 provided expenses as shown in Article 2350(7): 'In all counties of this state having a population of less than 25,200 according to the last preceding federal census, the Commissioners Court of

Hon. M. B. Gates - Page 2

such county is hereby authorized to allow each commissioner the sum of not more than $25.00 per month for traveling expenses while on official business in said county."

"To sum up: Is the Commissioners Court authorized to draw any sum for traveling expenses while on official business in their counties?

"It is my opinion that that part of the Statute has been expressly repealed by said H. B. No. 84.

"Second, Section 3 of H. B. No. 84, provides that the Commissioners Court and at its first legal meeting after the effective date of this Act and thereafter at the first legal meeting of each year which, by order duly made and entered upon the minutes of said court, fixing the salaries of the County Commissioners for such year, within the limits as provided for in this Act.

"If the Commissioners Court neglects to fix their salaries as above required, what would be the maximum they could draw? In other words, what effect would that have upon their salaries?

"If the Commissioners Court failed to comply with Section 1a of H. B. No. 84, by not entering an order authorizing the payment of actual traveling expenses incurred outside of the county on official business, would they be authorized to draw said sum of $300.00?"

For the sake of convenience, we re-word your questions and number the same as follows:

 1. (a). Does H. B. No. 84 repeal Article 2350?

  (b). Is the Commissioners Court of Walker County authorized to pay County Commissioners an ex-officio salary?

  (c). Are the County Commissioners of Walker County entitled to collect traveling expenses incurred by them while on official business

2. If the Commissioners' Court neglects to fix the salary of the County Commissioners, what effect would that have upon their salaries?

3. If the Commissioners' Court failed to comply with Section 1a of H. B. No. 84 by not entering an order authorizing the payment of actual traveling expenses incurred outside the county on official business, would they be authorized to draw said sum of $300?

Walker county has a population of nineteen thousand eight hundred sixty-eight (19,868) inhabitants according to the last Federal census and an assessed tax valuation of Five Million Eight Hundred Sixty-six Thousand Six Hundred Seventy-six ($5,866,676.00) Dollars. H. B. No. 84, Acts of the 49th Legislature, 1945, p. 260, reads in part as follows:

"Section 1. That Article 2350, Title 44 of the Revised Civil Statutes of the State of Texas, 1925, as amended by Acts of the Thirty-ninth Legislature, Regular Session, Chapter 135, Section 1; and as amended by Acts of the Fortieth Legislature, page 435, Chapter 290, Section 1; and as amended by Acts of the Fortieth Legislature, First Called Session, page 138, Chapter 46, Section 1; and as amended by Acts of the Forty-third Legislature, Regular Session, Chapter 216; and as amended by Acts of the Forty-third Legislature, First Called Session, Chapter 83, page 220; and as amended by Acts, Forty-fourth Legislature, Regular Session, Chapter 162; be and the same is hereby amended so as to hereafter read as follows:

"'Article 2350.

"'In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly instalments, at least one-half (½), and not exceeding three-fourths (3/4), out of the Road and Bridge Fund, and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

Hon. M. K. Gates - Page 4

"'Assessed Valuations

Salaries to be
paid each
Commissioner

"'Not to exceed $3,500,000.00, as provided at end of
this Section.

| | Assessed Valuation | | | | Salary |
|---|---|---|---|---|---|
| $ 3,500,001 and less than 6,000,000 not to exceed | | | | | $1,500.00 |
| $ 6,000,001 and less than 9,000,000 not to exceed | | | | | $1,800.00 |
| $ 9,000,001 and less than 10,000,000 not to exceed | | | | | $2,000.00 |
| $10,000,001 and less than 12,000,000 not to exceed | | | | | $2,200.00 |
| $12,000,001 and less than 20,000,000 not to exceed | | | | | $2,500.00 |
| $20,000,001 and less than 30,000,000 not to exceed | | | | | $3,000.00 |
| $30,000,001 and less than 75,000,000 not to exceed | | | | | $3,600.00 |
| $75,000,001 and less than 120,000,000 not to exceed | | | | | $4,000.00 |
| $120,000,001 and less than 140,000,000 not to exceed | | | | | $4,800.00 |
| $140,000,001 and less than 400,000,000 not to exceed | | | | | $5,500.00 |
| $400,000,001 and over not to exceed | | | | | $6,000.00 |

"'In counties having assessed valuation of less than
Three Million, Five Hundred Thousand Dollars ($3,500,000)
each Commissioner shall receive Five Dollars ($5) per day
for each day served as Commissioner, and a like amount
when acting as ex-officio road superintendent in his Com-
missioner's precinct, providing in no event shall his
total compensation exceed Twelve Hundred Dollars ($1200)
in any one year. Provided further, however, that in counties
having National Forest Preserves and with less than Four
Million, Five Hundred Thousand Dollars ($4,500,000) valuation
that the salaries of said Commissioners shall not exceed
Eighteen Hundred Dollars ($1800) per year.'

"'Section 1a. The Commissioners Court in each county
is hereby authorized to pay the actual traveling expenses
incurred while traveling outside of the county on official
county business never to exceed Three Hundred Dollars ($300)
in any one year for each said official.'

"Sec. 2. The salary of each County Commissioner and
each County Judge may be paid wholly out of the County
General Fund or, at the option of the Commissioners Court,
may be paid out of the County General Fund and out of the
Road and Bridge Fund in the following proportions: County
Judge not to exceed seventy-five per cent (75%) of such
salaries may be paid out of the Road and Bridge Fund, and
the remainder out of the General Fund of the County, and

each County Commissioner's salary may, at the discretion of the Commissioners Court, all be paid out of the Road and Bridge Fund; provided this section shall not apply except in counties where the constitutional limit of twenty-five cents (25¢) on the One Hundred Dollar ($100) valuation is levied for general purposes.

"Sec. 3. The Commissioners Court at its first regular meeting after the effective date of this Act and thereafter at the first regular meeting of each year shall, by order duly made and entered upon the minutes of same Court, fix the salaries of the County Commissioners for such year, within the limits as provided for in this Act.

"Sec. 4. That all general laws, or parts of general laws in conflict with the foregoing Act, be, and the same are hereby, expressly repealed."

Our answers to your questions are as follows:

1. (a). H. B. No. 84 is an amendment to Article 2350 and a substitution therefor and, as such, supersedes entirely the original Article. Therefore, that part of said Article not brought forward in H. B. No. 84 is repealed. See, 39 Tex. Juris, Sec. 79, p. 147.

(b). Article 2350 before it was amended by H.B. No. 84 contained the following provision:

"In counties having assessed valuation of more than Four Million Five Hundred Thousand and One Dollars ($4,500,001) and less than Six Million Dollars ($6,000,000) each commissioner shall receive Five Dollars ($5) per day for each day served as commissioner, and a like amount when acting as ex-officio road superintendent in his Commissioner's Precinct, provided in no event shall his total compensation exceed Twelve Hundred Dollars ($1200) in any one year."

Under said provision which was applicable to Walker County until May 11, 1945 (the effective date of H. B. No. 84) each County Commissioner was entitled to $5.00 per day for each day served

Hon. M. E. Gates - Page 6

and a like amount when acting as ex-officio road superintendent, so long as his total compensation did not exceed $1200.00 per year. H. B. No. 84 omitted the foregoing provision and set up a new bracket of $3,500,001 and less than $6,000,000 which is applicable to Walker County. Therefore, you are advised that the County Commissioners of Walker County, since May 11, 1945, must receive their compensation under the provisions of H. B. No. 84. The County Commissioners, therefore, are no longer paid on a per diem basis nor can they receive an ex-officio salary. Instead, the Commissioners may receive a salary not to exceed $1,500.00 per annum provided that the Commissioners Court of Walker County passes an order fixing the salary of said Commissioners in accordance with the provisions of Section 3 of H. B. No. 84.

(c). Sec. 1a of H. B. No. 84 provides as follows:

"The Commissioners Court in each county is hereby authorized to pay the actual traveling expenses incurred while traveling outside of the county on official county business never to exceed Three Hundred Dollars ($300) in any one year for each said official."

Article 2350(7) provides:

"In all counties of this state having a population of less than twenty-five thousand two hundred (25,200) according to the last preceding Federal census, the Commissioners Court of such counties is hereby authorized to allow each Commissioner the sum of not more than Twenty-five ($25.00) Dollars per month for traveling expenses while on official business in said counties."

House Bill No. 84 has nothing to do with the matter of paying Commissioners traveling expenses while on official business within the county. Therefore, Article 2350(7) is not in conflict with H. B. No. 84. You are therefore advised that the

Hon. M. E. Gates-page 7

traveling expenses of the Commissioners of Walker County, while traveling on official business in said county, is covered by Article 2350(7).

2. We quote the following from 34 Tex. Juris, Sec. 107, p. 511:

"As hereinbefore stated, the compensation of public officers is fixed by the Constitution or statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled.

"The right to compensation does not grow out of any contract existing between the officer and the public; and the prospective salary or other emoluments attached to the office are not his property. . . ."

Section 3 of H. B. No. 84 provides:

"The Commissioners Court at its first regular meeting after the effective date of this Act and thereafter at the first regular meeting of each year shall, by order duly made and entered upon the minutes of same Court, fix the salaries of the County Commissioners for such year, within the limits as provided for in this Act."

It is our opinion that the above language is mandatory and the Commissioners can not legally draw any compensation whatever until the Commissioners Court fixes their salary as provided by said Act.

3. Section 1a of H. B. No. 84 authorizes the payment of actual traveling expenses incurred while traveling outside the county on official business not to exceed Three Hundred ($300) Dollars per year. We do not find anything in said Act requiring an order fixing the amount of traveling expenses. Therefore, you are advised that the Commissioners Court would be entitled to their actual traveling expenses while traveling on

Hon. M. E. Gates - Page 8

official business outside of the county so long as said expenses do not exceed Three Hundred ($300) Dollars per year.

We are not to be understood as passing upon the question of the validity of said Section la.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jno. C. Knorpp
Assistant

By John Reeves

APPROVED NOV 1948

ATTORNEY GENERAL OF TEXAS

JR:djm



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN